UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 15-183(2) (PAM) |
| | Civ. No. 18-010 (PAM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Erasmo Flores, Jr., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255. Because Flores is not entitled to any relief under § 2255, his Motion is denied.

## BACKGROUND

Defendant Erasmo Flores Jr. pleaded guilty to distribution of methamphetamine. (Docket No. 142.) In the plea agreement, Flores agreed to waive his right to appeal unless his sentence was more than 360 months. (Plea Agreement (Docket No. 144) at 1, 6-7.) In exchange, the Government agreed that it would not pursue additional charges and would not argue for a consecutive sentence. (Id.) According to Flores, avoiding a consecutive sentence was "especially important" because he was already serving a life sentence in state court for homicide. (2d Flores Decl. (Docket No. 267) ¶ 5.) The plea agreement also indicated that it "binds only the Defendant and the United States Attorney's Office for the District of Minnesota" and that "the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion." (Id. at 1, 6.)

At the plea hearing, the Government went over the plea agreement with Flores and specifically advised him of the applicable sentencing guidelines range, that he was giving up his right to appeal unless the sentence was more than 360 months, and that the Government would not seek a consecutive disposition. (Plea Hr'g Tr. (Docket No. 237) at 15-19.) Following the plea hearing, a probation officer prepared the presentence report ("PSR"). Because he committed this offense while serving a term of imprisonment, the PSR recommended that Flores's sentence "shall be imposed to run consecutively to the undischarged term of imprisonment." (Presentence Report (Docket No. 196) ¶ 85 (citing U.S.S.G. § 5G1.3(a)).)

Pursuant to the plea agreement, the Government stated at sentencing that it would "leave to the Court its disposition via concurrent or consecutive" sentence. (Sentencing Hr'g Tr. (Docket No. 240) at 49.) The Court sentenced Flores to 180 months' imprisonment, followed by five years' supervised release, to run consecutively to the undischarged sentence on his state-court conviction. (Sentencing J. (Docket No. 231).) Flores's counsel did not object to the imposition of a consecutive sentence.

Flores appealed, arguing that his sentence was substantively unreasonable and that this Court did not properly consider the § 3553(a) factors. United States v. Flores, 675 F. App'x 633, 633 (8th Cir. 2017). The Eighth Circuit dismissed the appeal, concluding that the plea agreement's appeal waiver barred consideration of his claim. Id. at 633-34. Flores now moves to vacate his sentence under § 2255.

**DISCUSSION**

Flores argues that his counsel was ineffective for failing to advise him that the Court could impose a consecutive sentence even if the Government did not seek it, and that his counsel was ineffective at sentencing for failing to argue that a consecutive sentence was greater than necessary to punish him or protect the public.

To prove ineffective assistance of counsel, Flores must establish that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.  The Court's "review of counsel's performance is 'highly deferential.'" Booth v. Kelley, 882 F.3d 759, 762 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 689).

Flores first argues that he did not knowingly plead guilty because his counsel failed to advise him of the possibility of a consecutive sentence. "A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside 'the range of competence demanded of attorneys in criminal cases.'" DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).  But a criminal defendant's "right to be apprised of the court's sentencing options . . . requires only that the court inform the defendant of the applicable mandatory minimum and maximum sentences." Thomas v. United States, 27

3

F.3d 321, 326 (8th Cir. 1994) (quotation omitted).  "[A] defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence."  United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999).

Here, the plea agreement stated that Flores's mandatory minimum sentence was ten years and the maximum was life imprisonment.  (Plea Agreement at 3.)  Flores acknowledged that he understood the applicable minimum and maximum sentences at the plea hearing.  (Plea Hr'g Tr. at 12-13.)  Thus, the advice Flores received in connection with his plea agreement was not constitutionally deficient.

Flores also argues that his counsel was ineffective at sentencing for failing to argue against the imposition of a consecutive sentence, relying on Glover v. United States, 531 U.S. 198 (2001), and Alaniz v. United States, 351 F.3d 365 (8th Cir. 2003). But those cases concluded that counsel's failure to object to a court's legal error constitutes deficient performance.  Glover, 531 U.S. at 203 (stating that a counsel's "failure to object to an error of law affecting the calculation of a sentence" may constitute deficient performance); Alaniz, 351 F.3d at 368 (concluding that a counsel "performed deficiently" by failing to object to a court's determination that had "simply no legal basis").

The Court's imposition of a consecutive sentence here was well within its discretion, and indeed, the PSR recommended a consecutive sentence based on the Sentencing Guidelines.  (Presentence Report ¶ 85 (citing U.S.S.G. § 5G1.3(a)).)  Flores's counsel could have challenged the Court's imposition of a consecutive sentence, but his

4

failure to do so does not satisfy the highly deferential standard under Strickland. Because Flores's counsel was not constitutionally deficient, the Court need not address the prejudice prong. See Strickland, 466 U.S. at 697.

Finally, the Court concludes that an evidentiary hearing is not necessary because there are no material facts in dispute. 28 U.S.C. § 2255(b). Nor is Flores entitled to a certificate of appealability. A certificate of appealability is available only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Flores's claim is not debatable and does not deserve encouragement to proceed further.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** :

1. Defendant's Motion to Vacate (Docket No. 257) is **DENIED**; and
2. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY** in Civ. No. 18-010.


Dated:  May 30, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge